# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2951

_____

| | |
|---|---|
| Kurt Crawford, on behalf of himself and all others similarly situated in the State of Arkansas, | * * * * |
| Appellee, | * Appeal from the United States |
| | * District Court for the Western |
| v. | * District of Arkansas. |
| | * |
| F. Hoffman-La Roche Ltd.; | * |
| | * |
| Defendant, | * |
| | * |
| Hoffman-La Roche Inc.; Roche Vitamins, Inc.; | * * * |
| Defendants-Appellants, | * |
| | * |
| Rhone-Poulenc SA; | * |
| | * |
| Defendant, | * |
| | * |
| Rhone-Poulenc Animal Nutrition, Inc.; Rhone-Poulenc, Inc.; | * * * |
| Defendants-Appellants, | * |
| | * |
| BASF, AG; | * |
| | * |
| Defendant, | * |
| | * |

BASF Corporation; Lonza, Inc.;                    *
                                                  *
        Defendants-Appellants,                    *
                                                  *
                                                  *
Lonza, AG; Chinook Group, Ltd; Cope              *
Investments, Ltd.; Chinook Group, Inc.;          *
John Kennedy; Robert Samuelson;                  *
Copland; Stayner; Cosburn;                        *
                                                  *
        Defendants,                               *
                                                  *
DuCoa, L.P.; DCV, Inc.; Lindell Hilling;*
J.L. Fisher, also known as Pete Fisher;          *
                                                  *
        Defendants-Appellants,                    *
                                                  *
Antonio Felix;                                    *
                                                  *
        Defendant,                                *
                                                  *
Bioproducts, Inc.;                                *
                                                  *
        Defendant-Appellant,                      *
                                                  *
Degussa AG; Degussa Corporation;                  *
                                                  *
        Defendants,                               *
                                                  *
Reilly Industries, Inc.;                          *
                                                  *
        Defendant-Appellant,                      *
                                                  *
Reilly Chemicals, SA; Eisai Co., Ltd.;           *
                                                  *
        Defendants,                               *
                                                  *

Eisai U.S.A., Inc.; Eisai, Inc.;          *
DCV, Inc.;                                *
                                          *
          Appellants.                     *
                      _____

                Submitted:  April 9, 2001
                  Filed: October 3, 2001
                      _____

Before WOLLMAN, Chief Judge, MURPHY, Circuit Judge, and PIERSOL[1], District
      Judge.
                      _____

PIERSOL, District Judge.

      This putative class action was removed to federal district court, where the
plaintiff filed a motion to have the case remanded or voluntarily dismissed.  The
district court did not rule on the motion for remand, but granted the motion for
voluntary dismissal.  We now vacate the order of dismissal for lack of subject-matter
jurisdiction, and order the case remanded to state court.

                                I.

      The plaintiff, Kurt Crawford, filed this action in Arkansas state court on behalf
of a class of persons who have allegedly been harmed by the defendants' conduct in
fixing the price of vitamins and vitamin supplements.  Crawford's complaint seeks
judgment in an amount "not exceeding $75,000 per plaintiff" in compensatory
damages, plus punitive damages, restitution, and attorney fees.

_____

[1]The Honorable Lawrence L. Piersol, Chief United States District Judge for the
District of South Dakota, sitting by designation.

Defendants timely removed the case to federal court. Before any of the defendants had filed an answer or a motion for summary judgment, Crawford filed a motion to remand the case for lack of subject-matter jurisdiction or, in the alternative, for voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure. The district court did not rule on the motion to remand, but granted the motion for voluntary dismissal, with the condition that Crawford would "be responsible for paying to defendants any costs duplicatively incurred in the event that this matter is re-filed."

Some of the defendants now appeal the district court's decision to dismiss the action. The appellants all argue that dismissal was improper without a preliminary finding of subject-matter jurisdiction. (Appellants believe that a ruling on subject-matter jurisdiction will bind Crawford to claims he has made concerning the amount of relief available to the class.) Appellants also argue that granting a voluntary dismissal was an abuse of discretion even if it could be accomplished without a finding of jurisdiction. One of the appellants, Lonza, Inc., argues on appeal that the district court had subject-matter jurisdiction under 28 U.S.C. § 1332.

II.

A district court's decision to allow a plaintiff to dismiss a case voluntarily is reviewed for abuse of discretion. See Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 950 (8th Cir. 1999). "A district court by definition abuses its discretion when it makes an error of law." Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1069 (8th Cir. 2000).

It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction. See Ex Parte McCardle, 7 Wall. 506, 514 (1868). Constrained by this fundamental principle, a federal district court may not dismiss a case on the merits by hypothesizing subject-matter jurisdiction. Steel Company v. Citizens for a Better

Environment, 523 U.S. 83, 101 (1998). On the other hand, certain threshold issues, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared with the issue of subject-matter jurisdiction. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588 (1999). The first question presented in this case is whether voluntary dismissal was one of those grounds for dismissal that the district court could invoke without a finding of subject-matter jurisdiction.

As the Supreme Court observed in Ruhrgas, "[i]t is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits." Id. at 585. Examples of such threshold grounds are the discretionary refusal to exercise pendent jurisdiction and the decision to abstain under Younger v. Harris, 401 U.S. 37 (1971). Id. Both of these grounds require some consideration – but not a disposition – of the merits of the case. See Moor v. County of Alameda, 411 U.S. 693, 715-16 (1973); Younger, 401 U.S. at 54. In this same vein, the First Circuit has specifically held that a district court may approve the dismissal of a case without first deciding a difficult question of subject-matter jurisdiction. Puerto Rico Maritime Shipping Authority v. Leith, 668 F.2d 46, 50 n.9 (1st Cir. 1981).[2]

This case differs from Leith in that it is a purported class action. Because it involves a putative class, its dismissal under either provision of Rule 41 is subject to court approval pursuant to Rule 23(e). See Fed. R. Civ. P. 41(a)(1); Baker v. America's Mortgage Servicing, Inc., 58 F.3d 321, 324 (7th Cir. 1995) (dismissal under Rule 41(a)(2)). Rule 23(e), in turn, prevents the dismissal or compromise of

---

[2]The appellants attempt to distinguish Leith on the ground that the defendants in that case had abandoned their jurisdictional defense (at least temporarily) at the time of the voluntary dismissal. Whether or not the Leith defendants were actively asserting their jurisdictional defense, however, is irrelevant, since the federal courts are obligated to raise the issue of subject-matter jurisdiction *sua sponte*. Andrus v. Charleston Stone Products Co., 436 U.S. 604, 608 n.6 (1978).

a class action without approval of the district court, and directs the court to protect the interests of absent plaintiffs before permitting dismissal. <u>Grunin v. International House of Pancakes</u>, 513 F.2d 114, 123 (8th Cir. 1975). This requirement applies even if a class has not yet been certified. <u>See</u> <u>Diaz v. Trust Territory of Pacific Islands</u>, 876 F.2d 1401, 1407 (9th Cir. 1989); <u>Glidden v. Chromalloy American Corp.</u>, 808 F.2d 621, 625-28 (7th Cir. 1986); <u>cf.</u> <u>Shelton v. Pargo</u>, 582 F.2d 1298, 1310 (4th Cir. 1978) (although court approval under Rule 23(e) is not required when a class has not been certified, the court must use its Rule 23(d) supervisory powers to protect the interests of the potential class members).

Court approval under Rule 23(e) can be a complicated process. Although Rule 23(e) provides generally for notice to members of a class, notice is not necessarily required if a class has not been certified. <u>See</u> <u>Diaz</u>, 876 F.2d at 1409; <u>Wallican v. Waterloo Community School Dist.</u>, 80 F.R.D. 492, 493 (N.D. Iowa 1978). Nevertheless, in deciding whether to allow dismissal or issue notice, the district court must consider, among other things, the possibility that potential members of the class would be prejudiced. <u>Id.</u> at 1409-10. Dismissal might prejudice potential members whose claims have expired under a statute of limitations. <u>See</u> <u>Diaz</u>, 876 F.2d at 1410-11; <u>Wallican</u>, 80 F.R.D. at 494. Dismissal without notice might also prejudice potential members who have been relying on the named plaintiff to protect their interests, by leaving them to fend for themselves without knowledge that they should do so. <u>See</u> <u>Glidden</u>, 808 F.2d at 627-28. There is no indication from the order of dismissal or the record on appeal that the district court based its decision to dismiss the case on considerations such as these.

If we were to remand the case to the district court for further proceedings on the motion for voluntary dismissal, the district court would be faced with substantial and unavoidable questions of law and fact. The district court would have to determine whether to issue notice of the dismissal to prospective class members, and whether to allow dismissal at all. To rule on these issues, the district court would

very likely be required to hold an evidentiary hearing and solicit input from members of the prospective class. When compared with these complications under Rule 23(e), the issues of subject-matter jurisdiction raised in this case are not particularly time consuming or difficult to resolve. In the interest of judicial economy, we now rule in the first instance on the jurisdictional issues which the district court did not resolve. See Lewis v. Windsor Door Co., 926 F.2d 729 (8th Cir. 1991).

Lonza acknowledges on appeal, as all of the defendants did below, that Crawford's claim for less than $75,000 in compensatory damages is not sufficient to establish diversity jurisdiction. It argues, though, like the defendants below, that the class members' claims for punitive damages, restitution, or attorney fees may be aggregated to establish the amount in controversy. This circuit has recently affirmed the rule of Zahn v. International Paper Co., 414 U.S. 291 (1973), holding that individual class members' distinct claims for actual damages may not be aggregated to satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction. Trimble v. Asarco, Inc., 232 F.3d 946 (8th Cir. 2000). We now reach similar holdings with respect to claims for punitive damages, restitution, and attorney fees.

The punitive damages claims of the individual members of a class generally may not be aggregated for jurisdictional purposes. The separate and distinct claims of two or more plaintiffs cannot be aggregated except in cases where the plaintiffs "unite to enforce a single title or right in which they have a common and undivided interest." Snyder v. Harris, 394 U.S. 332, 335 (1969). When class members have separate claims for punitive damages, those claims are not the kind of "single, undivided res" that classically constitutes a common fund, even though the members may eventually have to share a final award of punitive damages. Gilman v. BHC Securities, Inc., 104 F.3d 1418, 1430 (2d Cir. 1997). Following Gilman, we hold that the principle annunciated in Snyder and Zahn "bars the aggregation of punitive damages claims absent a prior determination that the underlying claim – the basis on which such damages are sought – asserts a single title or right." Id.

-7-

In holding that punitive damages ordinarily may not be aggregated, we join a growing number of circuits which have either explicitly or implicitly adopted the rationale articulated in Gilman.  See Gibson v. Chrysler Corp., — F.3d —, 2001 WL 936084, at * 18 - 20 (9th Cir. Aug. 20, 2001); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1292-93(10th Cir. 2001); Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1264-65 (11th Cir. 2000); Ard v. Transcon. Pipe Line Corp., 138 F.3d 596, 601-02 (5th Cir. 1998); Anthony v. Security Pac. Fin. Servs., Inc., 75 F.3d 311, 315 (7th Cir. 1996).  Two of those Circuits – the Fifth and the Eleventh – have recently retreated from earlier decisions which permitted the aggregation of punitive damages across a class of plaintiffs.  See Cohen v. Office Depot, Inc., 204 F.3d 1069, 1073-77 (11th Cir. 2000) (holding that Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996) was not a valid precedent); Ard, 138 F.3d at 601-02 (refusing to apply Allen v. R & H Oil & Gas Co., 63 F.3d 1326 (5th Cir. 1995) outside the context of Mississippi state law).

Punitive damages, of course, may be used to establish diversity jurisdiction. Allison v. Security Benefit Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir. 1992). However, under the principle annunciated in Gilman, the punitive damages claims of Crawford and the other members of his prospective class may not be aggregated for this purpose.  In this case, the class members' underlying claims seek to vindicate individual rights involving their separate purchases of vitamins that were manufactured, distributed, or sold by the defendants.  Because the prospective class members do not have a common and undivided interest in their underlying claims, their punitive damages claims cannot be added together to meet the amount-in-controversy requirement.

We reach a similar conclusion with respect to the restitution claims.  Lonza argues that the complaint's request for restitution of "all monies" which class members overpaid seeks the recovery of a common fund that, under Snyder, may be used to establish jurisdiction. "Under the classic 'common fund' cases, what controls

is the nature of the right asserted, not whether successful vindication of the right will lead to a single pool of money that will be allocated among the plaintiffs." <u>Gilman</u>, 104 F.3d at 1427. The members of the prospective class did not hold joint title to any portion of the defendants' profits prior to the commencement of this lawsuit. The rights which the complaint seeks to vindicate, rather, are based on separate purchases of different products by each of the individual members. The restitution of these amounts to individual plaintiffs is not the restitution of a common fund. <u>See</u> <u>Gilman</u>, 104 F.3d at 1426-28 (refusing to aggregate "order flow" payments of which plaintiffs sought disgorgement, where those payments were made to the defendant by individual plaintiffs in separate transactions). The defendants may not aggregate these amounts to support the exercise of diversity jurisdiction.[3]

Finally, the attorney fees at stake in this case must be divided between the members of the class for purposes of determining the amount in controversy. Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction. <u>Missouri State Life Ins. Co. v. Jones</u>, 290 U.S. 199, 202 (1933). Such fees, however, do not constitute part of a common and undivided interest, at least when each of the individual members of the class has a separate right to recover them. <u>Martin</u>, 251 F.3d at 1293 (citing cases).[4] The statute applicable here – the Arkansas

---

[3]This ruling is consistent with the rulings of other circuits which have refused to allow plaintiffs to transform class members' separate damages claims into a common and undivided interest simply by re-pleading them as claims for injunctive relief and seeking restitution instead of damages. <u>Del Vecchio v. Conseco, Inc.</u>, 230 F.3d 974, 977-78 (7th Cir. 2000); <u>Packard v. Provident Nat'l Bank</u>, 994 F.2d 1039, 1050 n.14 (3d Cir. 1993).

[4]As this statement suggests, there may be an exception to the general rule against aggregating attorney fees in cases where the state statute under which the fees are sought makes them payable only to the named plaintiff. <u>See</u> <u>H & D Tire & Automotive-Hardware v. Pitney Bowes Inc.</u>, 227 F.3d 326, 330-31 (citing <u>In re Abbott Laboratories</u>, 51 F.3d 524 (5th Cir. 1995), <u>aff'd by an equally divided Court</u>, 529 U.S. 333 (2000)).

Deceptive Trade Practices Act – makes attorney fees available to "[a]ny person who suffers actual damage or injury" as a result of its violation. Ark. Code Ann. § 4-88-113(f). Attorney fees awarded under such a provision cannot be aggregated to meet the amount-in-controversy requirement.

From the above discussion, it is clear that the federal courts do not have subject-matter jurisdiction over this case. The diversity statute, 28 U.S.C. § 1332, requires that the amount in controversy exceed $75,000, and the defendants have not argued in this case that the jurisdictional minimum can be overcome without aggregating either punitive damages, restitution, or attorney fees.

These issues of diversity jurisdiction were not so clear-cut at the time the district court entered its order of dismissal. For this reason, we do not hold that the district court erred in dismissing the case without a finding of subject-matter jurisdiction. However, because it is clear at this point that federal jurisdiction does not exist, we vacate the order of dismissal for lack of jurisdiction. Without jurisdiction, there is no basis for considering further the propriety of the order of dismissal under the Federal Rules of Civil Procedure. All that is left to do is to order the case remanded to state court. See 28 U.S.C. § 1447(c).

The district court's order of dismissal is vacated, and the case is remanded to the district court with instructions to remand it to the state court from which it was removed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.