**LPP MORTGAGE LTD. f/k/a Loan Participant Partners, Ltd., as Assignee of the Small Business Administration, Plaintiff,**

v.

**William M. VASICEK and Margo A. Vasicek; and Homeside Lending, Inc. f/k/a BancBoston Mortgage Corporation, Defendants.**

No. A2–01–130.

United States District Court,
D. North Dakota,
Northeastern Division.

Oct. 8, 2002.

Richard P. Olson, Olson Burns Lee, Minot, ND, for Plaintiff.

William M Vasicek, Margo A Vasicek, Lakota, ND, for Defendants.

### MEMORANDUM AND ORDER

WEBB, Chief Judge.

### I. Introduction

Plaintiff has made a motion "For an Order Permitting a Locksmith to Open Door and For Entry of an Appraiser." (Doc. # 5.) In reviewing the motion, the Court found reason to question its jurisdiction over plaintiff's action. At the di-

rection of the Court, the clerk's office requested plaintiff's attorney to provide the Court with a brief on this issue. Upon review of the plaintiff's brief and of the file, the Court finds that it does not have jurisdiction over plaintiff's action. For the reasons articulated below, plaintiff's complaint and cause of action is ORDERED DISMISSED.

### II. Background

For purposes of this Order, the facts of this case may be summarized in one sentence: Plaintiff is the assignee of a mortgage given to the Small Business Administration ("SBA") by defendants William M. Vasicek and Margo A. Vasicek.

### III. Analysis

■ It is a well-established, fundamental principle that "a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman–La Roche Ltd.,* 267 F.3d 760, 764 (8th Cir.2001). The Court has an obligation to make an inquiry sua sponte as to whether plaintiff's action is properly before this Court. See *Krein v. Norris,* 250 F.3d 1184, 1187 (8th Cir. 2001). This is so because federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). There is a presumption that all actions lie outside of a federal court's limited jurisdiction unless and until the party asserting jurisdiction demonstrates otherwise. *Id.*

■ In attempting to satisfy its burden of establishing jurisdiction, plaintiff alleges that jurisdiction is provided for by an administrative regulation published in the Code of Federal Regulations ("C.F.R."). Federal courts "have only the power that

is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). This means that, an agency, by way of its rulemaking power, does not have the authority to confer jurisdiction in a federal court; only Congress acting pursuant to the Constitution has such authority. *Smith v. Dearborn Fin. Servs. Inc.*, 982 F.2d 976, 979 (6th Cir.1993) ("A grant of federal rulemaking power is not authority to create federal jurisdiction. That authority lies solely with Congress.") Thus, without even delving into the substance of the provision to which plaintiff cites, the Court finds that a regulation, by itself, cannot create federal subject-matter jurisdiction.

■ Notwithstanding the Court's holding that an administrative regulation may not confer jurisdiction, the Court will examine 13 C.F.R. § 101.106, the provision of the C.F.R. that purportedly confers jurisdiction over this action. This provision is contained in the chapter regulating the SBA, and begins, "Does Federal law apply to SBA programs and activities?" (emphasis added). The specific provision upon which plaintiff relies provides: "The following are construed and enforced in accordance with Federal law—(1) Instruments evidencing loans...." 13 C.F.R. § 101.106(b)(1).

At the outset, the Court notes that this provision applies only to the SBA; it does not purport to regulate assignees of the SBA. Moreover, the provision does no more than recite that which is already authorized by statute. Congress has conferred jurisdiction upon the federal district courts to hear suits by and against the Administrator of the SBA, and this authorization is codified at 15 U.S.C. § 634(b).

Plaintiff argues, however, that when the SBA assigned the mortgage to it, the SBA also assigned its right to sue in federal court. When questioning whether or not it had jurisdiction over this action, the Court found probative the case of *National Enters., Inc. v. Smith*, 114 F.3d 561 (6th Cir.1997), which held that an assignor may not assign a statutory right to sue in federal court. The Court provided plaintiff with a citation to this case, and plaintiff, in its brief to the Court, argues that the case is distinguishable from the case at bar.

Particularly, plaintiff argues that unlike the present case, National Enters. involved statutes specific to the RTC and FDIC. It is true that the facts of National Enters. are somewhat different from the present case. The holding of the case, however, does not turn on the facts. Rather, the court examined the statute conferring jurisdiction on the RTC and found that "the statute itself does not confer jurisdiction on assignees of the RTC or state whether the RTC may assign the statutory rights conferred upon it." *Id.* at 563. Likewise, 15 U.S.C. § 634(b), the statute conferring jurisdiction upon the SBA does not confer jurisdiction upon assignees of the SBA. Again, federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. To allow plaintiff's suit would effectively be an unlawful judicial intrusion into Congressional authority.

Citing North Dakota case law, plaintiff points out that courts have allowed the assignment of statutory rights such as the statute of limitations because such rights are not personal to the assignor. Thus, plaintiff argues, this Court should extend to it the SBA's right to sue in federal court, since such right is not personal to the SBA.

Notwithstanding the fact that North Dakota law is not binding in a non-diverse federal case, plaintiff's argument fails. The court in National Enters. considered a similar argument made by the private entity asserting jurisdiction. The court noted that, several federal courts have extended FDIC's substantive rights—such as the statute of limitation—to assignees of the FDIC. However, the court also noted that "[n]o court . . . has yet extended the FDIC and RTC's statutory right to sue in federal court." *National Enters.*, 114 F.3d at 564. To do so, would impermissibly and "drastically broaden the jurisdiction of federal courts." *Id.* at 565. The Court finds this reasoning sound and hereby adopts it. The Court therefore concludes that plaintiff may not ride the coattails of the SBA to gain entrance into federal court.

 Plaintiff finally argues that if this Court finds that subject matter jurisdiction is lacking, it should assume "equitable jurisdiction." While the principles of equity are applicable in some areas of the law, they are never applicable to subject matter jurisdiction. Because a federal court's power to act is ultimately limited by the Constitution, the requirement that jurisdiction be established is "inflexible and without exception." *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (citations omitted). As a result, subject matter jurisdiction may never be waived; parties may not stipulate to subject-matter jurisdiction; and subject-matter jurisdiction may not arise by way of estoppel. See Charles Alan Wright, Law of Federal Courts 28 (5th ed.1994) (citing cases). To seek "equitable jurisdiction" is essentially a request that subject matter jurisdiction be waived in this case. The Court can no more waive the requirement of jurisdiction than it can waive provisions of the Constitution. The request to assume "equitable jurisdiction" is soundly denied.

IV.  Conclusion

The Court, therefore, concludes that plaintiff has failed to meet its burden of establishing subject matter jurisdiction.

Accordingly, plaintiff's complaint and cause of action is ORDERED DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.