# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1692

_____

| | | |
|---|---|---|
| 4:20 Communications, Inc., | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| The Paradigm Company; Literacy | * | |
| Unlimited, Inc.; Samuel L. Blumenfeld, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: March 10, 2003

Filed: July 21, 2003

_____

Before McMILLIAN, FAGG, and LOKEN,* Circuit Judges.

_____

LOKEN, Chief Judge.

This case arises out of a dispute between the parties to a licensing agreement for the sale of copyrighted teaching materials. On March 27, 2001, the district court dismissed the case with prejudice based upon a final settlement negotiated at a settlement conference held the prior day before a magistrate judge. Some months later, defendant The Paradigm Company moved to enforce the settlement, and

_____

*The Honorable James B. Loken became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2003.

Paradigm and plaintiff 4:20 Communications, Inc. submitted conflicting proposals to reduce the settlement to a written agreement. The magistrate judge entered an order essentially adopting Paradigm's proposal. The district court affirmed the magistrate's order, and 4:20 Communications appeals. We conclude the district court lacked jurisdiction to enforce the settlement under Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). As neither Paradigm nor 4:20 Communications sought relief from the final judgment of dismissal under Rule 60(b) of the Federal Rules of Civil Procedure, we direct the district court to vacate the orders being appealed and to terminate the case pursuant to the March 27, 2001 dismissal order.

In addition to Paradigm, the initial defendants were Samuel Blumenfeld, the copyright owner; Literacy Unlimited, Inc. ("LUI"), the alleged assignee of Paradigm's rights under the licensing agreement; and Guy Wickwire, the primary shareholder of LUI. In September 1999, the district court dismissed Wickwire for lack of personal jurisdiction. His attorneys then withdrew, leaving LUI and Blumenfeld unrepresented. The March 26, 2001, settlement conference was attended by 4:20 Communications and Paradigm, their respective attorneys, and Blumenfeld individually. At the end of the settlement negotiations, the magistrate judge placed the settlement on the record, explaining:

> It's my understanding that after some lengthy and detailed negotiations, that this matter has been indeed settled in full. . . . I want to caution everyone that in the Court's view, today will be the final agreement. What we say today on the record will indeed be a binding settlement for everyone even though I'm going to direct the attorneys to make some efforts to memorialize today's final agreement in writing. In the absence of a signature [on] that writing, the agreement would still be enforceable by either side because of the record that we're making today in the courtroom. . . . It's my understanding that the only thing that this matter will be conditioned upon is getting [LUI's] signature on this particular matter because it's envisioned . . . that there will be a stipulation of dismissal with prejudice . . . including [LUI's claims]. . . . Now, it's

-2-

going to be the responsibility of Paradigm Company to obtain that signature from [LUI] in the fashion I've described.

After the magistrate judge stated his understanding of the settlement terms, certain points were discussed and clarified. The settlement as described was then agreed to by 4:20 Communications, Paradigm, and Blumenfeld on the record. The following day, the district court entered the following dismissal order:

> The court having been advised by counsel that the above case has been settled,
>
> IT IS ORDERED that this action is hereby dismissed, with prejudice, the court reserving jurisdiction for ninety (90) days to permit any party to move to reopen the action, for good cause shown, or to submit and file a stipulated form of final judgment, or to seek enforcement of the settlement terms.

During that ninety-day period, counsel for 4:20 Communications and Paradigm exchanged drafts of a proposed settlement agreement but were unable to agree on the terms of a written agreement. However, no party filed a motion asking the district court to exercise its reserved jurisdiction.

Some months after the ninety-day period expired, Paradigm moved the district court to enforce the settlement, submitting the conflicting proposals the parties had exchanged and asking the court to order the parties to sign Paradigm's proposed General Release and Settlement Agreement. In response, 4:20 Communications urged the court to order the parties to sign its proposed Mutual Release and Settlement Agreement. On December 4, 2001, the magistrate judge issued an order declaring that the Mutual General Release and Settlement Agreement attached to the order "fully and accurately reflects the agreement of the parties reached in open court on [March 26]" and "shall be considered fully enforceable" upon LUI's signing. The

district court affirmed the magistrate judge's order. 4:20 Communications filed a motion to reconsider, arguing for the first time that the court lacked subject matter jurisdiction to enforce the settlement. The district court denied that motion, concluding it had jurisdiction because the parties asked the magistrate judge to confirm the substance of the settlement agreement, which is different than suing for breach of the agreement, and in any event because the court had diversity jurisdiction to resolve the settlement contract dispute. This appeal followed.

1. On appeal, 4:20 Communications argues the district court lacked jurisdiction to enforce the March 26, 2001, settlement agreement. In Kokkonen, the Supreme Court held that a district court has no post-dismissal ancillary jurisdiction to enforce a settlement agreement unless

> the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal -- either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. . . . The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.

511 U.S. at 381. This is an issue of subject matter jurisdiction. As parties may not expand the limited jurisdiction of the federal courts by waiver or consent, subject matter jurisdiction issues may first be raised at any time, even on appeal. See Jader v. Principal Mut. Life Ins. Co., 925 F.2d 1075, 1077 (8th Cir. 1991). We review such issues de novo. See Gilbert v. Monsanto Co., 216 F.3d 695, 699 (8th Cir. 2000).

The district court's dismissal order did not incorporate the terms of the settlement. The court did expressly retain jurisdiction to enforce the settlement, but only for ninety days. Thus, when no party acted within that ninety-day period, the magistrate judge and the district court lacked ancillary jurisdiction to rule upon

Paradigm's motion to enforce the settlement agreement. See Miener ex rel. Miener v. Missouri Dep't of Mental Health, 62 F.3d 1126, 1127-28 (8th Cir. 1995).

Paradigm argues the March 27 dismissal order did not terminate the action because everyone at the March 26 settlement conference understood the settlement was conditioned upon LUI signing a settlement agreement. But that contention is contrary to the plain language of the dismissal order, which declared the case terminated and gave the parties ninety days *to move to reopen* or to enforce the settlement. The issue of subject matter jurisdiction under Kokkonen turns on the language of the dismissal order, not on events prior to the dismissal. Paradigm also argues the court had ancillary jurisdiction to vindicate its authority and protect its proceedings because the magistrate judge stated the terms of the settlement on the record at the March 26 conference. We disagree. In reciting the agreement negotiated by the parties, the magistrate judge performed the function of a mediator, not a judicial officer. Any court with jurisdiction over the present dispute is fully competent to interpret the settlement from the transcript of the March 26 conference.

The district court reasoned that it had ancillary jurisdiction because the parties asked the court to define the terms of the settlement rather than suing for breach of contract. For jurisdiction purposes, we conclude this is a distinction without a difference. Paradigm and 4:20 Communications now have a dispute over the terms of their settlement agreement. Whether they asked the district court to clarify the terms of the agreement or to award damages for its breach, they sought judicial resolution of a dispute over a contract that was not made part of the court's prior dismissal order. Absent a basis for original federal court jurisdiction, that dispute must be resolved in an appropriate state court.

2. Though it lacked ancillary jurisdiction, the district court had jurisdiction to grant any party relief from its final judgment of dismissal under Rule 60(b). Such relief may be appropriate, for example, when a case has been dismissed based upon

the parties' mistaken belief they have agreed to a settlement.  See MIF Realty L.P. v. Rochester Assocs., 92 F.3d 752, 755-57 (8th Cir. 1996).  In this case, unlike MIF Realty, neither party moved the district court for Rule 60(b) relief.  It is an open question in this circuit whether the district court would have had authority to grant such relief *sua sponte*.  See United States v. Pauley, 321 F.3d 578, 580-81 & n.1 (6th Cir. 2003) (discussing the circuit split on this issue and concluding that district courts may not grant Rule 60(b) relief *sua sponte*); 12 JAMES MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.62 (3d ed. 2003).

Assuming the district court could take up the Rule 60(b) issue *sua sponte*, we nonetheless conclude that a remand for this purpose would be inappropriate and futile.  Here, again unlike MIF Realty, neither 4:20 Communications nor Paradigm denies the case was settled.  Rather, each urged the district court to interpret the pre-dismissal settlement in its favor.  That dispute does not warrant Rule 60(b) relief from a final judgment *that did not incorporate the terms of the settlement*.  See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576-79 (10th Cir. 1996).  By contrast, LUI might have sought Rule 60(b) relief from the judgment which dismissed *its* claims based upon a settlement to which it was not a party (assuming LUI had no notice of the settlement conference, did not consent to the settlement, and moved quickly to protect its rights).  But the unusual posture of LUI does not provide a basis for Rule 60(b) relief to either 4:20 Communications or Paradigm, who failed to obtain LUI's consent to the settlement during the ninety days in which the district court reserved post-dismissal jurisdiction.  Even if LUI's consent is a condition precedent to enforcing the settlement agreement, 4:20 Communications and Paradigm knowingly took the risk LUI would later refuse to consent when they dismissed their claims with prejudice and allowed the ninety-day period to expire.  See McCormick v. City of Chicago, 230 F.3d 319, 327-28 (7th Cir. 2000).

3. Finally, we reject Paradigm's contention that, on this record, the district court had diversity jurisdiction to construe and enforce the settlement agreement.  The

burden of establishing federal court jurisdiction "rests upon the party asserting jurisdiction." <u>Kokkonen</u>, 511 U.S. at 377. To establish diversity jurisdiction, Paradigm must demonstrate that the amount in controversy exceeds $75,000. <u>See</u> 28 U.S.C. § 1332. It has not even attempted to do so. The issue now is the amount in controversy by reason of the parties' dispute over the terms of their settlement agreement. Thus, whether or not their initial dispute satisfied the $75,000 requirement is irrelevant.

For the foregoing reasons, the case is remanded with instructions that the district court vacate the orders being appealed and reinstate its March 27, 2001 dismissal order. Paradigm's motion for sanctions is denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.