# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

Nos. 02-3715/3774
_____

| | | |
|---|---|---|
| Donald D. Kessler, on his own behalf and on behalf of all others similarly situated; Mary L. Kessler, on her own behalf and on behalf of all others similarly situated; William L. Martin, on his own behalf and on behalf of all others similarly situated; Anita M. Martin, on her own behalf and on behalf of all others similarly situated; James W. Wallace, on his own behalf and on behalf of all others similarly situated; Doris F. Wallace, on her own behalf and on behalf of all others similarly situated; Carroll W. Brockwell, on his own behalf and on behalf of all others similarly situated; Cathryn Brockwell, on her own behalf and on behalf of all others similarly situated, | * * * * * * * * * * * * * * * * * * * * * * | |
| Appellees/Cross-Appellants, | * * | |
| v. | * * * | |
| National Enterprises, Inc.; Arkansas No. 1, LCC, | * * * | |
| Appellants/Cross-Appellees. | * | |

Appeals from the United States District Court for the Western District of Arkansas.

_____

Submitted: September 12, 2003

Filed: October 30, 2003
_____

Before BYE, FAGG and HANSEN, Circuit Judges.
_____

BYE, Circuit Judge.

This is a class action dispute over a timeshare development in Hot Springs, Arkansas. The case originated in state court and was removed to federal district court based on diversity jurisdiction. This is the fourth decision the Eighth Circuit has issued in the case, all involving varied topics. The first resolved questions regarding the application of the D'Oench[1] doctrine. Kessler v. Nat'l Enters., Inc., 165 F.3d 596 (8th Cir. 1999) (Kessler I). The second involved the timing of a challenge to the dismissal of a third-party complaint. Kessler v. Nat'l Enters., Inc., 203 F.3d 1058 (8th Cir. 2000) (Kessler II). The third interpreted certain provisions of the Arkansas Time-Share Act, Ark. Code Ann. §§ 18-14-101 to 18-14-602, and addressed statute of limitations defenses. Kessler v. Nat'l Enters., Inc., 238 F.3d 1006 (8th Cir. 2001) (Kessler III).

In Kessler III we resolved the liability issues in favor of the plaintiff class members and remanded to the district court for a determination of damages. 238 F.3d at 1015-16. On remand, the district court calculated the total damages at $1,666,626.26. Both sides appealed, raising a number of issues. With such large aggregate damages involved, none of the parties previously questioned whether this case satisfied the minimum amount-in-controversy prescribed by 28 U.S.C. § 1332

_____

[1] D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447 (1942).

-2-

(which at the time this case was filed was still $50,000). In this appeal, for the first time, National Enterprises, Inc. (NEI) and Arkansas No. 1 LLC[2] contend the federal courts lack jurisdiction over this matter because the class members' claims cannot be aggregated and do not individually satisfy the amount-in-controversy requirement.

Given the considerable resources and time exhausted by the federal courts and the parties in this action, we would like to ignore NEI's belated jurisdictional challenge. Unfortunately, we cannot. See, e.g., 4:20 Communications, Inc. v. Paradigm Co., 336 F.3d 775, 778 (8th Cir. 2003) ("As parties may not expand the limited jurisdiction of the federal courts by waiver or consent, subject matter jurisdiction issues may first be raised at any time, even on appeal."); see also Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 218 (3d Cir. 1999) ("Thus, if it develops that the requisite amount in controversy was never present, even if that fact is not established until the case is on appeal, the judgment of the District Court cannot stand.") (citing Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 17-19 (1951)). Having considered the jurisdictional challenge, we reluctantly agree with NEI that federal diversity jurisdiction is lacking.

I

The general rule is that "individual class members' distinct claims for actual damages may not be aggregated to satisfy the . . . amount-in-controversy requirement for diversity jurisdiction." Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 765 (8th Cir. 2001). Further, even if one class member's claim exceeds the amount in controversy, "a district court cannot exercise supplemental jurisdiction of class members who do not, themselves, satisfy the jurisdictional requirement." Trimble v.

---

[2]NEI was the original defendant in this case but transferred its interests in the disputed property to Arkansas No. 1 LLC on September 18, 1995. For convenience, we will refer to the appellants/cross-appellees as NEI.

Asarco, Inc., 232 F.3d 946, 960 (8th Cir. 2000) (citing Zahn v. Int'l Paper Co., 414 U.S. 291, 301 (1973)).[3]

The class members contend their claims fall within an exception that allows claims to be aggregated when class members sue jointly to enforce a common title or right to which they have a common and undivided interest. See Zahn, 414 U.S. at 294 ("When two or more plaintiffs, having separate and distinct demands, unite . . . in a single suit . . . the demand of each [must satisfy] the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.") (quoting Troy Bank of Troy, Ind. v. G. A. Whitehead & Co., 222 U.S. 39, 40-41 (1911)).

The class members argue this is a "paradigm" case for allowing aggregation because it involves a dispute over a single indivisible res, the timeshare property, where the legal issues implicated in each claim are identical and the matter "cannot

---

[3]The circuits are split on whether supplemental jurisdiction can be exercised over all claims when at least one satisfies the jurisdictional limit. In Trimble the Eighth Circuit agreed with the Tenth Circuit, see Leonhardt v. Western Sugar Co., 160 F.3d 631, 640-41 (10th Cir. 1998), that Congress did not overrule Zahn in 1990 by enacting 28 U.S.C. § 1367 (providing for supplemental jurisdiction "over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy"). Trimble, 232 F.3d at 961. The Third Circuit is in accord with the Eighth and Tenth Circuits. Meritcare Inc., 166 F.3d at 218. The Fourth, Fifth, Seventh, Ninth and Eleventh Circuits have concluded supplemental jurisdiction can be exercised over all claims when at least one satisfies the jurisdictional limit. Allapattah Servs., Inc. v. Exxon Corp., 333 F.3d 1248, 1254 (11th Cir. 2003); Rosmer v. Pfizer Inc., 263 F.3d 110, 114 (4th Cir.), reh'g & reh'g en banc denied, 272 F.3d 243 (4th Cir. 2001), cert. dismissed, 536 U.S. 979 (2002); Gibson v. Chrysler Corp., 261 F.3d 927, 933 (9th Cir. 2001), cert. denied, 534 U.S. 1104 (2002; Stromberg Metal Works, Inc., v. Press Mech., Inc., 77 F.3d 928, 930-33 (7th Cir. 1996); In re Abbott Labs., 51 F.3d 524, 529 (5th Cir. 1995).

be adjudicated without implicating the rights of everyone involved with the res." Gilman v. BHC Sec., Inc., 104 F.3d 1418, 1423 (2nd Cir. 1997) (quoting Bishop v. Gen. Motors Corp., 925 F.Supp. 294, 298 (D.N.J. 1996)). We respectfully disagree. It is not enough that the dispute involve a common piece of property — the class members must also share a common interest in the collection of a single liability. "An identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." Sellers v. O'Connell, 701 F.2d 575, 579 (6th Cir. 1983); accord Gilman, 104 F.3d at 1422-23; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1331 & n.7 (5th Cir. 1995).

In this case, each class member seeks to enforce rights obtained through an individual contract between the class member and the original developer (or one of its successors). If a class member recovers under her individual contract, it will have no effect on the amount another class member may recover on his individual contract.[4]  Thus, this case varies little from the situation where individual policyholders combine to sue an insurer raising an identical issue regarding the meaning of a policy, but the insureds will not have to fight amongst themselves over a common recovery fund. In such a case, aggregation is prohibited. See Burns v. Mass. Mut. Life Ins. Co., 820 F.2d 246, 251 (8th Cir. 1987) ("The claims of the proposed class members are distinct from each other; each policy holder asserts an individual claim based upon that policy holder's individual contract. We therefore conclude that the claims . . . cannot be aggregated for purposes of satisfying the requisite jurisdictional amount.").

---

[4]For example, a couple who purchased a timeshare contract in the disputed property brought their own separate suit in state court, and prevailed, without affecting the rights of the class members in this suit. See Nat'l Enters. v. Rea, 947 S.W.2d 378 (Ark. 1997).

Undaunted, the class members argue jurisdiction can still be exerted over many of their claims because "[s]tatutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction," Crawford, 267 F.3d at 766, and the original complaint requested statutory fees pursuant to Ark. Code Ann. §§ 16-22-308 (allowing prevailing party to recover attorney fees in breach of contract action) and 18-14-402 (permitting a party to recover attorney fees for a willful violation of the Arkansas Time-Share Act). Many of the class members' individual claims exceed $20,000, and they argue adding attorney fees to those claims raises the amount above the required $50,000 jurisdictional limit.

NEI responds the class members ultimately prevailed upon a constructive fraud theory, not breach of contract, and therefore are not entitled to fees under § 16-22-308. Further, NEI contends there is no proof of a willful violation of the Arkansas Time-Share Act upon which to base an attorney fee award under § 18-14-402.

Notwithstanding NEI's arguments, the district court has already indicated its intent to award fees. Add. at 14-15. Therefore, we will assume fees can be considered in satisfying the amount-in-controversy requirement, but note the fees "cannot be aggregated to meet the amount-in-controversy requirement," Crawford, 267 F.3d at 767, and must be determined on a pro rata basis. When fees are added on a pro rata basis, the class members still cannot meet the requisite amount to overcome the jurisdictional hurdle. The named plaintiffs in this case are Carroll and Cathryn Brockwell, Donald and Mary Kessler, William and Anita Martin, and James and Doris Wallace. The original complaint alleged the Brockwells purchased their timeshare unit for $5500, the Kesslers paid $4950, the Martins paid $8900, and the Wallaces paid $5310, and that the plaintiffs were "entitled to a return of their purchase price, interest paid on the note, their out of pocket costs, attorneys fees, court costs, and prejudgment interest." Original Complaint at 9. On the final "Master Damages Spreadsheet" submitted by the class members, the Brockwells' claim (including interest) is listed at $14,358.12, the Kesslers' claim is $14,226.39, the

Martins' is $23,295.91, and the Wallaces' is $14,616.01. At oral argument, counsel for the class members advised he has requested attorney fees in an amount equal to half of the total award. If we add pro rata fees of that amount to the largest of the named plaintiffs' claims, the Martins', the total still does not satisfy the jurisdictional requirement. Although there are a few other class members whose claims would surpass $50,000 if pro rata attorney fees were added (for example, the largest amount claimed in the final Master Damages Spreadsheet is $44,046.30 by Frederick and Patricia Ludden), the claims of unnamed class members cannot serve as a basis for satisfying the amount-in-controversy requirement. See Gibson v. Chrysler Corp., 261 F.3d at 940-41 ("Examining only the claims of named class plaintiffs for purposes of the amount-in-controversy requirement in diversity class actions mirrors the treatment of the complete diversity requirement. In both instances, subject matter jurisdiction depends only on the named plaintiffs.").

II

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Godfrey v. Pulitzer Pub. Co., 161 F.3d 1137, 1141 (8th Cir. 1998) (internal citations and quotations omitted). In a case before our court based on diversity jurisdiction, we must acknowledge our lack of jurisdiction whenever "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002) (internal citations and quotations omitted). Although the class members' claims satisfy the jurisdictional amount in the aggregate, it appears to a legal certainty (whether considered when the original complaint was filed or now) that none of the named class members' claims satisfies the jurisdictional amount individually. As a result, we have no choice but to remand this case to the

district court, with directions to remand it to the state court from which it was removed.  <u>See</u> 28 U.S.C. § 1447(c).

_____