# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2893

_____

Albert Ray Steward III,

           Appellant,

   v.

Royal Bank of Canada, a Canadian
company; RBC Centura Banks, Inc., a
subsidiary of Royal Bank of Canada;
RBC Dain Rauscher, a subsidiary of
Royal Bank of Canada; RBC Builder
Finance, a subsidiary of Royal Bank
of Canada; RBC Insurance Holding,
Inc., a subsidiary of Royal Bank of
Canada; RBC Liberty Life Insurance
Company, a subsidiary of Royal Bank
of Canada; RBC Capital Markets
Corporation, a subsidiary of Royal
Bank of Canada; Doe, Defendants 1
through 24,

           Appellees.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

_____

Submitted: September 30, 2008
Filed: October 8, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Albert Ray Steward appeals the district court's[1] dismissal of his complaint. After careful review, we conclude that dismissal was proper because the court lacked subject matter jurisdiction over the action. See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (threshold requirement in every federal case is jurisdiction); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006) (noting that claim invoking federal-question jurisdiction may be dismissed for lack of subject matter jurisdiction if it is not colorable, i.e., if it is immaterial and made solely for purpose of obtaining jurisdiction or is wholly insubstantial and frivolous); 4:20 Commc'ns, Ins. v. Paradigm Co., 336 F.3d 775, 779 (8th Cir. 2003) (party invoking federal jurisdiction has burden to establish jurisdictional requirements). We also conclude that the court did not abuse its discretion in denying Steward leave to file a second amended complaint. See Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir. 2003) (standard of review; leave to amend should be denied for reasons such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies with earlier amendments, undue prejudice to non-movant, or futility of amendment). Accordingly, we affirm. See 8th Cir. R. 47B.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.