# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1084

_____

Stephen Roberts; Genevieve Roberts

*Plaintiffs - Appellants*

v.

Ocwen Loan Servicing, LLC

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 22, 2015
Filed: July 8, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

In this removed breach-of-contract action, Stephen and Genevieve Roberts appeal the district court's December 2014 order and judgment granting a motion to enforce a settlement agreement. The settlement-enforcement motion was filed by Ocwen Loan Servicing, LLC (Ocwen), over four months after the district court had entered a March 2014 order stating that it had been advised of a settlement by the

parties, dismissing the action without prejudice, and expressly reserving jurisdiction for 60 days to permit any party to move to reopen the action for good cause or to file a stipulated form of final judgment.

Upon careful de novo review, we conclude that the district court lacked ancillary jurisdiction to rule on Ocwen's motion because the court's March 2014 dismissal order did not incorporate the terms of the settlement agreement, the court retained jurisdiction for only 60 days, and no action was taken by any party during those 60 days. See United States v. Afremov, 611 F.3d 970, 975 (8th Cir. 2010) (appellate court has special obligation to satisfy itself not only of its own jurisdiction, but also that of lower courts in cause under review; standard of review); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994) (district court has no post-dismissal ancillary jurisdiction to enforce settlement agreement unless parties' obligation to comply with terms of agreement has been made part of dismissal order either by separate provision or by incorporating terms of agreement in order); 4:20 Commc'ns, Inc. v. Paradigm Co., 336 F.3d 775, 777-79 (8th Cir. 2003) (district court lacked ancillary jurisdiction to rule upon motion to enforce settlement agreement where district court's dismissal order did not incorporate terms of settlement, court retained jurisdiction to enforce settlement but for only 90 days, and no party acted within 90-day period; issue of subject matter jurisdiction under Kokkonen turns on language of dismissal order, not on events prior to dismissal).

Accordingly, we vacate the district court's December 2014 order and judgment, and we remand the matter with instructions to the district court to dismiss Ocwen's settlement-enforcement motion, and to enter a separate judgment based upon the March 2014 dismissal order. See Fed. R. Civ. P. 54 ("[j]udgment" includes any order from which appeal lies); Fed. R. Civ. P. 58 (with several exceptions, every judgment must be set out in separate document; when judgment is not set forth on separate document, judgment is deemed entered 150 days after entry of order).

_____