Cathy JACKSON, Plaintiff-Respondent,

v.

GENERAL ACCIDENT INSURANCE CO., Defendant-Appellant.

No. 51243.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 25, 1986.

Laura B. Allen, Evans & Dixon, St. Louis, for defendant-appellant.

Charles L. Merz, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from an order of summary judgment establishing that defendant's policy of automobile insurance furnishes unlimited coverage for injuries sus-

tained by plaintiff from the negligence of an underinsured motorist. We reverse.

The policy in question contains several pertinent provisions. First is what is described as the "Declarations" page. It contains the names of the insured, a description of the vehicles insured and a listing of the coverages provided, the limits of such coverage as to each vehicle insured and the premium charged for each coverage. It contains the following declaration:

| "COVERAGE DESCRIPTIONS | CAR 1 | | CAR 2" | |
|---|---|---|---|---|
| | Limit | Prem. | Limit | Prem. |
| Underinsured Motorists | 50,000 | Incl. | 50,000 | Incl. |

The policy also contains a section on Underinsured Motorists Coverage. It contains the following pertinent provisions:

"SCHEDULE

| Limit of Liability each accident | Premium | |
|---|---|---|
| | Auto 1 | Auto 2 |
| $_____*_____ | $___*___ | $___*___ |

[* These lines were left blank in the policy as issued.]

Limit of Liability

The limit of liability shown in the Schedule for this coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

1. Covered persons;
2. Claims made;
3. Vehicles or premiums shown in the Declarations, or
4. Vehicles involved in the accident.

However, the limit of liability shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible . . . ."

---

It is plaintiff's contention that because the limits of liability were left blank in the Schedule no maximum liability for underinsured motorist coverage is provided by the policy.

In *State Farm Mutual Automobile Insurance Company v. Thomas*, 549 S.W.2d 616 (Mo.App.1977) [1,2] the court stated the applicable rule in interpreting insurance contracts:

"The rule is firmly established in Missouri that insurance policies, like other contracts, must be given reasonable interpretations and in construing the terms of a policy 'the courts discharge their full duty when they ascertain and give effect to the intention of the parties, as disclosed by the contract they have entered into.' ... Plain and unambiguous language must be given its plain meaning, ... and this rule applies to restrictive provisions in insurance contracts."

The Declarations page of the contract here makes indisputably clear that the maximum coverage provided under the underinsured motorist coverage is $50,000 per vehicle. The Schedule section does not expressly change that limitation. It is not reasonable to conclude that the blanks left in the Schedule section reflect a different intention than that clearly expressed on the Declarations page. We find no ambiguity in the policy which would authorize coverage in excess of that specifically established in the declarations. The trial court erred in finding unlimited coverage.

Plaintiff makes no claim before us or in her first amended petition for declaratory judgment that she is entitled to "stack" the underinsured coverage on each of the vehicles. She did, however, request a declaration of the amount of coverage provided by the policy. Defendant has addressed the stacking issue in its brief but plaintiff

limited her discussion to the specific issue before us. The parties have therefore not joined issue on the "stacking" question. We find it unnecessary to rule that issue, nor are we sure that we have in this record sufficient facts to do so. We therefore express no opinion on the effect of omitting a dollar figure from the Schedule as it may impact on the stacking issue nor do we determine here the dollar amount of coverage this policy provides. We rule only that the trial court erred in holding that the policy provided no limits on underinsured motorist coverage in view of the limits imposed by the declarations. That holding that no ambiguity exists which would authorize unlimited coverage is not a holding that no ambiguity exists as to the amount of coverage within the total limits set forth in the declarations. On remand the parties should make such additional record as is necessary, if any, to allow the trial court to establish the limits of coverage available to plaintiff.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.

DOWD and REINHARD, JJ., concur.