#27549-a-JMK

**2016 S.D. 51**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

BRODY HEITMANN,                                                  Plaintiff and Appellant,

    v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,                                      Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
CODINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE CARMEN A. MEANS
Judge

\* \* \* \*

NANCY J. TURBAK BERRY
SEAMUS W. CULHANE of
Turbak Law Office, PC
Watertown, South Dakota                          Attorneys for plaintiff
                                      and appellant.

TIMOTHY A. CLAUSEN
RYLAND DEINERT of
Klass Law Firm, LLP
Sioux City, Iowa                                              Attorneys for defendant
                                      and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON MARCH 21, 2016

OPINION FILED **07/20/16**

#27549

KERN, Justice

[¶1.]     An individual injured in an incident with a handgun obtained a judgment against Shooter.  Injured also obtained, by stipulation, an assignment from Shooter of Shooter's right to enforce coverage under an insurance policy.  Injured filed a declaratory judgment action in circuit court against insurance company, seeking a ruling that Shooter was an insured under the policy.  Injured and Insurance Company filed cross-motions for summary judgment.  The circuit court granted Insurance Company's motion, finding Shooter was not an insured and dismissed Injured's action.  Injured appeals.  We affirm.

## BACKGROUND

[¶2.]     On May 1, 2013, Dusty Groom and Brody Heitmann were in Dusty's truck in the Britton High School parking lot.  Dusty had a handgun, which discharged, shooting Heitmann in the head.  Heitmann survived and sued Dusty to recover compensation for his injuries.  In December 2014, Heitmann and Dusty entered into a settlement agreement.  Dusty confessed to a judgment of $1,100,000 for compensatory damages in favor of Heitmann.  Pursuant to the settlement, Dusty agreed "to assign to Brody Heitmann any and all claims or related causes of action [Dusty] may have against American Family [Mutual Insurance]" under an insurance policy issued to Dusty's grandmother Bonnie Buhl.[1]  Heitmann also

---

1.     American Family determined that Dusty was not an insured under the policy, as he "was not a resident of [Buhl's] household at the time of the loss[.]"  American Family refused to defend or indemnify Dusty in Heitmann's lawsuit against Dusty.

-1-

agreed that he and his heirs would not "execute against or otherwise seek to collect . . . the judgment entered against Dusty [personally.]"

[¶3.] In February of 2015, Heitmann filed a declaratory judgment action against American Family. Heitmann sought a ruling that, on the date of the shooting, Dusty was an insured under Buhl's policy for purposes of liability coverage. As Dusty's assignee, Heitmann also sought damages for breach of contract and for American Family's alleged bad-faith refusal to defend and indemnify Dusty under Buhl's policy.

[¶4.] American Family had issued Buhl a farm/ranch insurance policy (the Policy) for the period of March 15, 2013 to March 15, 2014. The Policy insured land and a farm house owned solely by Buhl. Section II, Coverage E provided personal liability coverage with a $1,000,000 (one million dollars) policy limit. Tammy Groom, Buhl's adult daughter, resided on the insured premises with her son, Dusty. Buhl lived on a separate farm, not insured under the Policy, with her husband Jerome. The Policy defined Buhl as an insured and provided that "Insured also means your spouse and relatives if residents of your household. It also means any other person under the age of 21 in your care or in the care of your resident relatives."

[¶5.] During the course of the lawsuit, the parties filed cross-motions for summary judgment. No material facts were in dispute. The parties agreed that Tammy and Dusty resided on the insured premises at the time of the shooting, that Tammy and Dusty are Buhl's relatives, and that neither Tammy nor Buhl resided

with Buhl in her home off the insured premises.  The parties also agreed that Dusty was under the age of 21 and in Tammy's care at the time of the incident.

[¶6.]	The competing motions centered on differing interpretations of the Policy with the parties agreeing that the only issue was whether Tammy was a resident relative under the Policy.  The circuit court found that, because Tammy and Dusty did not reside in Buhl's home at the time of the incident, Tammy was not Buhl's resident relative.  The court held, therefore, that Dusty was not an insured under the Policy, and that American Family had no duty to defend or indemnify him.  The circuit court granted American Family's motion for summary judgment and dismissed Heitmann's claims.

[¶7.]	Heitmann raises one issue on appeal:

> Is a relative of the insured residing on the insured premises, and not in the household of the insured, a resident relative under American Family's policy?

### STANDARD OF REVIEW

[¶8.]	We review a circuit court's entry of summary judgment under the de novo standard of review.  *Ass Kickin Ranch, LLC v. N. Star Mut. Ins. Co.*, 2012 S.D. 73, ¶ 7, 822 N.W.2d 724, 726.  When reviewing a grant of summary judgment, we decide "whether genuine issues of material fact exist and whether the law was correctly applied."  *Id.* ¶ 6, 822 N.W.2d at 726 (quoting *Zephier v. Catholic Diocese of Sioux Falls*, 2008 S.D. 56, ¶ 6, 752 N.W.2d 658, 662).  If no material facts are in dispute, our "review is limited to determining whether the trial court correctly applied the law."  *Id.* (quoting *De Smet Ins. Co. of S.D. v. Gibson*, 1996 S.D. 102, ¶ 5,

552 N.W.2d 98, 99). We will affirm a circuit court's decision so long as there is a legal basis to support its decision. *Id.*

## ANALYSIS

[¶9.]    The parties contend that the sole issue in this case is the interpretation of the phrase *resident relative* in the Policy. Their claims can be summarized as follows—to be classified as a resident relative must the relative reside on the insured premises as Heitmann contends or in Buhl's home as American Family contends? "Insurance contract interpretation is a question of law reviewed de novo." *W. Nat'l Mut. Ins. Co. v. Decker*, 2010 S.D. 93, ¶ 10, 791 N.W.2d 799, 802. This review includes whether an insurance contract is ambiguous. *Roden v. Gen. Cas. Co. of Wis.*, 2003 S.D. 130, ¶ 6, 671 N.W.2d 622, 625. "The fact that the parties differ as to the contract's interpretation does not create an ambiguity." *Id.*

[¶10.]    Heitmann makes several arguments in support of his contention that Tammy is a resident relative under the Policy. He asserts that the Policy is premises-based, as the "purpose of the policy focuses on physical premises, not the personal whereabouts of the named insured." Heitmann argues that the liability endorsement in Section II "specifically ties coverage to the insured premises . . . *explicitly without regard to* whether Bonnie Buhl herself occupied those premises." Heitmann also refers us to ¶ 14 of the Exclusions to Section II. This paragraph provides:

> 14.    Non-Resident Insureds. We will not pay for damages due to bodily injury or property damage under Coverage E – Personal Liability for any insured who resides off the insured premises.

-4-

Heitmann reasons that because the Policy excludes "one who does *not* reside on the insured premises" it follows that one who resides on the insured premises is a "resident" under the Policy. Thus, Heitmann concludes that Tammy—a relative residing on the insured premises—is a resident relative, and Dusty, a person under 21 in Tammy's care, would be an insured.

[¶11.] In response, American Family contends that the plain language of the Policy provides that Tammy is not a resident relative because she does not reside in Buhl's home off the insured premises. American Family asserts that under the definition of insured in the Policy, *your* means Buhl and "directly modifies the words 'resident relative.'" Based on this use of resident relative, American Family concludes that resident relatives must reside within the same home as Buhl.

[¶12.] In order to ascertain the meaning of terms in the Policy, we examine the Policy in its entirety giving "words their 'plain and ordinary meaning,'" and we will not make a forced construction of its language.[2] Section II of the Policy provides Liability and Medical Expense Coverages. The Policy includes an endorsement for "[p]remises you own, rent or occupy[.]" It is undisputed that Buhl owns but does not occupy the premises in which Tammy and Dusty live.

[¶13.] Coverage E of the Policy provides coverage for Personal Liability for "compensatory damages which any Insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies." The definition section of the Policy defines Insured and provides:

---

2.     *Gloe v. Union Ins. Co.*, 2005 S.D. 30, ¶ 29, 694 N.W.2d 252, 260; 2 Couch on
       Ins. § 21:19 (3d ed.).

    4. Insured means:

      a. You, and if you are shown in the Declarations as:

        (1) an Individual, Insured also means your spouse and relatives if residents of your household. It also means any other person under the age of 21 in your care or in the care of your resident relatives.

"You" and "your" is defined by the Policy as:

    9. You and Your refer to the person(s) or organization shown as Named Insured in the Declarations. These words also refer to your spouse who is a resident of your household.

Buhl is the only named insured in the Policy's declarations.

[¶14.] The facts are not in dispute and both parties submitted the question to the circuit court for a ruling on the interpretation of the phrase resident relative. "When the relevant facts are undisputed, the question of whether a person is a resident relative may be decided as a matter of law." *State Farm Fire & Cas. Co. v. Duel*, No. C7-98-208, 1998 WL 531821, at *2 (Minn. Ct. App. Aug. 25, 1998); *McMillin v. Mueller*, 2005 S.D. 41, ¶ 9, 695 N.W.2d 217, 221 (undisputed facts create a question of law).

[¶15.] We find the language of the Policy unambiguous. Although the parties focus their arguments primarily upon the second sentence of the definition of insured, an analysis of the first sentence can resolve this case. The first sentence provides that an insured includes "[y]ou, and if you are shown in the Declarations as: (1) an Individual, Insured also means your spouse and relatives if residents of your household." *You* refers to Buhl and *relatives* refers to Tammy and Dusty. The phrase "if residents of your household," means that Buhl's *relatives* must be

*residents of Buhl's household.*[3]  It is undisputed that Tammy and Dusty are Buhl's relatives.  But neither Tammy nor Dusty claim to be a member of Buhl's household.  Therefore, neither Tammy nor Buhl is an insured under the first sentence of the definition.

[¶16.]      The second sentence of the definition also precludes coverage.  This sentence defines an insured as "any other person under the age of 21 in your care or in the care of your resident relatives."  A reading of the Policy as a whole indicates that resident relatives are those relatives referred to in the definition's first sentence who reside in Buhl's household.  As stated above, although Dusty is a person under 21 in the care of Buhl's relative (Tammy), neither Tammy nor Dusty claim to be residents of Buhl's household.

[¶17.]      Heitmann's argument that coverage is tied to those who reside on the insured premises is not supported by the plain language of the Policy.  Likewise, we reject Heitmann's suggestion that we look to the exclusion for non-resident insureds

---

3.      The Policy does not define *household.*  Nor has this Court defined the term.  A review of cases from other jurisdictions reveals that courts have held that an insured can have more than one household for insurance contract purposes and the phrase *resident of the household* has no fixed meaning. *State Farm Fire & Cas. Co. v. Ewing,* 269 F.3d 888, 891 (8th Cir. 2001); *Am. Family Mut. Ins. Co. v. Thiem,* 503 N.W.2d 789, 790 (Minn. 1993); *Erie Ins. Exch. v. Stephenson,* 674 N.E.2d 607, 610 (Ind. Ct. App. 1996).  "[W]hether a person is a resident of a particular household is an elastic concept entirely dependent upon the context in which the question arises and the facts of the particular case."  9A Couch on Ins. § 128:6 (3d ed.).  *See also State Farm & Cas. Co. v. Martinez,* 893 N.E.2d 975 (Ill. Ct. App. 2008); *Mut. of Enumclaw Ins. Co. v. Pedersen,* 983 P.2d 208 (Idaho 1999); *AMCO Ins. v. Norton,* 500 N.W.2d 542 (Neb. 1993).  And under certain circumstances courts have concluded that "members of a family need not actually reside under a common roof in order to be deemed part of the same household." *Farmers Mut. Ins. Co. v. Tucker,* 576 S.E.2d 261 (W. Va. 2002).

in Section II. The exclusion in Section II, ¶ 14 excludes coverage for damages due to bodily injury or property damage under this section of the Policy "*for* any *insured* who resides off the *insured premises*." (Emphasis added.) This language excludes coverage for any bodily injury or property damages sustained by Buhl or any other insured residing off the premises. *See* 9A Couch on Ins. § 128:2 (3d ed.) ("[T]he intent of homeowners' or farmowners' liability policies is to protect the insured, as defined in the policy, against the risk of liability for injuries suffered by others, not injuries suffered by the insured."). We decline to address Heitmann's remaining arguments as they are meritless.

## CONCLUSION

[¶18.] Because Tammy does not claim to be a resident of Buhl's household, she is not a resident relative. As she is not a resident relative, Dusty, a person under the age of 21 in her care, is not an insured. The circuit court was correct in granting American Family's motion for summary judgment. We affirm.

[¶19.] GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.