# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-1146

———————————————

Lori Peterson

*Plaintiff - Appellant*

v.

The Travelers Indemnity Company, doing business as Travelers; The Phoenix Insurance Company, doing business as Travelers; The Charter Oak Fire Insurance Company, doing business as Travelers; Travelers Property Casualty Company of America, doing business as Travelers; The Travelers Indemnity Company of Connecticut, doing business as Travelers; The Travelers Indemnity Company of America, doing business as Travelers; Travelers Casualty Insurance Company of America, doing business as Travelers

*Defendants - Appellees*

———————

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

———————

Submitted: November 22, 2016
Filed: August 15, 2017

———————

Before RILEY, Chief Judge,[1] WOLLMAN and BENTON, Circuit Judges.

———————

---

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 10, 2017. He has been succeeded by the Honorable Lavenski R. Smith.

BENTON, Circuit Judge.

Lori L. Peterson was injured in a car accident while driving a loaner vehicle from Billion Empire Motors, Inc. Peterson sued Travelers,[2] Billion's insurer, for coverage under the commercial insurance policy. The district court[3] dismissed for failure to state a claim. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Billion insured Peterson's vehicle under a commercial dealership policy from Travelers. After investigating the accident, Travelers told Peterson she was not insured under the policy. Peterson sued, alleging she is entitled to $5,000 in auto medical coverage. She also asserted claims for bad faith, fraud, and unfair trade practice, seeking punitive damages and attorney's fees.

Travelers moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. Peterson moved for partial summary judgment. Finding Peterson not insured under the policy, the district court dismissed. It denied Peterson's post-judgment motions for reconsideration and leave to amend the complaint. Peterson appeals. This court reviews de novo dismissals under Rule 12(b)(6). *In re K-tel Intern. Inc. Secs. Litig*., 300 F.3d 881, 888-89 (8th Cir. 2002).

---

[2]Peterson sued seven entities: The Charter Oak Fire Insurance Company, The Travelers Indemnity Company, The Phoenix Insurance Company, Travelers Property Casualty Company of America, The Travelers Indemnity Company of Connecticut, The Travelers Indemnity Company of America, and Travelers Casualty Insurance Company of America. Each does business as "Travelers," and this court refers to them collectively by this name.

[3] The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

II.

Travelers argues the district court lacked subject matter jurisdiction because the amount in controversy does not exceed $75,000. That court did not address this issue. "It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence." *Kopp v. Kopp*, 280 F.3d 883, 884-85 (8th Cir. 2002), *citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188-89 (1936). "[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* at 884, *quoting Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994). "The legal certainty standard is met where the 'legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim.'" *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011), *quoting JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010).

Peterson seeks only $5,000 in medical damages. To satisfy the jurisdictional amount, she relies on her request for tort damages, punitive damages, and attorney's fees. South Dakota law—which the parties agree controls this diversity action—"consistently recognize[s] emotional distress damages in tort actions." *Stabler v. First State Bank of Roscoe*, 865 N.W.2d 466, 479 (S.D. 2015). *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 455 (8th Cir. 1998) ("State law controls the construction of insurance policies when a federal court is exercising diversity jurisdiction."). South Dakota allows punitive damages if malice exists. *See Bierle v. Liberty Mut. Ins. Co.*, 792 F. Supp. 687, 691 (D.S.D. 1992). "[P]unitive damages are included in the amount in controversy," but "the existence of the required amount must be supported by competent proof." *OnePoint Sols., LLC v. Borchert*, 486 F.3d

342, 348 (8th Cir. 2007), *quoting **Larkin***, 41 F.3d at 388-89. "Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction." ***Crawford***, 267 F.3d at 766, *citing **Missouri State Life Ins. Co. v. Jones***, 290 U.S. 199, 202 (1933).

Peterson alleges fraud, bad faith, and unfair trade practice. She seeks attorney's fees under S.D. § 58-12-3, which allows recovery where the insurer "refused to pay the full amount of . . . loss" and "such refusal is vexatious or without reasonable cause." **S.D. § 58-12-3.** Although she does not allege facts showing that her tort or punitive damages or attorney's fees would exceed $75,000, it is not legally impossible that she could recover at least that amount. *See **Tripp v. Western Nat. Mut. Ins. Co.***, 664 F.3d 1200, 1202 (8th Cir. 2011) (affirming award of $65,000 in attorney's fees under S.D. § 58-12-3). The district court had jurisdiction over the lawsuit.

## III.

Peterson alleges she is insured for auto medical coverage under the policy. Travelers disagrees. Insurance contract interpretation is a question of law reviewed de novo. ***Noran Neurological Clinic, P.A. v. Travelers Indem. Co.***, 229 F.3d 707, 709 (8th Cir. 2000); ***National Farmers Union Prop. & Cas. Co. v. Universal Underwriters Ins. Co.***, 534 N.W.2d 63, 64 (S.D. 1995). "The existence of the rights and obligations of parties to an insurance contract are determined by the language of the contract, which must be construed according to the plain meaning of its terms." ***Swenson v. Auto Owners Ins. Co.***, 831 N.W.2d 402, 407 (S.D. 2013).

The declarations page of the Garage Coverage Part identifies coverage under the policy. It states:

A.    COVERAGE AND LIMITS ON INSURANCE

Insurance only applies to a coverage for which a Covered Auto Symbol is shown. Coverage applies only to those "autos" shown as covered "autos" by entry of one or more of the symbols from the Section 1-COVERED AUTO of the Garage Coverage Form. Entry of a symbol next to LIABILITY provides coverage for "garage operations."

"Medical Payments" is listed as optional coverage. There is no covered auto symbol next to it. Travelers believes this shows the policy does not cover auto medical payments. Peterson maintains the lack of an auto symbol is not dispositive because the attached Auto Medical Pay Endorsement modifies the policy and provides coverage: "We will pay reasonable expenses incurred for necessary medical and funeral services to or for an 'insured' who sustains 'bodily injury' caused by 'accident.'"

Insurance companies routinely use covered auto symbols on the declarations page to delineate coverage. *See e.g.*, **Haberman v. The Hartford Insurance Group**, 443 F.3d 1257, 1267-68 (10th Cir. 2006) (interpreting an insurance policy that uses a "Covered Auto Symbol" to indicate coverage). Attached endorsements must be read together with rest of the policy. **Mid-Century Ins. Co. v. Lyon**, 562 N.W.2d 888, 890 (S.D. 1997). "When the declarations page clearly communicates the coverage provided by the insurance contract, and the other policy provisions neither expressly change the coverage nor reflect a different intention than that clearly expressed on the declarations page, the declarations page controls." **Munroe v. Cont'l W. Ins. Co.**, 735 F.3d 783, 787 (8th Cir. 2013), *quoting* **Jackson v. Gen. Accident Ins. Co.**, 720 S.W.2d 428, 429 (Mo. App. 1986) (internal quotation marks omitted).

Here, the declarations page "clearly communicates" there is no auto medical coverage. *Id.* The Auto Medical Pay Endorsement does not "expressly change" this. *Id.* It says: "With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement." Nothing in the endorsement modifies the declarations page. Reading the endorsement together with the declarations page, the district court properly found the policy does not cover auto medical payments.

IV.

Peterson contends the district court erred in dismissing her remaining claims. But each of them requires underlying coverage. The complaint alleges coverage under only the auto medical coverage provision of the policy. Because she is not insured under that provision, the district court properly dismissed her remaining claims. *See Stanton v. State Farm Fire & Cas. Co.*, 169 F. Supp. 2d 1109, 1115 (D.S.D. 2001) (finding that to assert a bad faith claim against the insurer, "there must be a failure to comply with a duty under the insurance contract").

V.

Peterson thinks the district court erred in denying her motions for reconsideration and leave to amend. "A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008). Similarly, motions seeking post-judgment leave to amend must satisfy "the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014). Under either Rule 59(e) or Rule 60(b), this court reviews for abuse of discretion. *See*

*id.* at 743 (reviewing Rule 60(b) motion for leave to amend); ***Auto Servs. Co.***, 537 F.3d at 855 (reviewing Rule 59(e) motion for reconsideration).

The district court found Peterson's motions sought to allege new legal issues not previously raised. It also found no "mistake, inadvertence, surprise, or excusable neglect" that warrants relief from judgment. The court considered all of her coverage arguments and did not abuse its discretion in denying her motions to reconsider or amend.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____